# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1154V
UNPUBLISHED

| | |
|---|---|
| KATHLEEN C. THOMAS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 5, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 9, 2019, Kathleen C. Thomas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza vaccine received on August 22, 2016. Petition at 1. Petitioner further alleges that the vaccine was administered in the United States, she suffered the residual effects of her condition for more than six months, and she has not previously filed a petition under the Vaccine Act, commenced a civil action, or collected an award or settlement for her vaccine related injury. Petition at 1-6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 3, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 5, 2021, Respondent filed a proffer on award

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of compensation ("Proffer") indicating Petitioner should be awarded $137,176.92. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>137,176.92</u> (comprised of $132,500.00 for pain and suffering and $4,676.92 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KATHLEEN C. THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1154V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 9, 2019, Kathleen Thomas ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), for an injury petitioner allegedly sustained as a result of an influenza ("flu") vaccination administered on August 22, 2016. Petition at 1. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS"), which is an injury listed on the Vaccine Injury Table for the flu vaccine. On September 2, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on September 3, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 24; ECF No. 26.

I. **Items of Compensation**

   A. Pain and Suffering

Respondent proffers that petitioner should be awarded $132,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,676.92. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $137,176.92, in the form of a check payable to petitioner.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Kathleen Thomas:  $137,176.92

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                                  s/ Ronalda E. Kosh
                                                  RONALDA E. KOSH
                                                  Trial Attorney
                                                  Torts Branch, Civil Division
                                                  U.S. Department of Justice
                                                  P.O. Box 146
                                                  Benjamin Franklin Station
                                                  Washington, D.C. 20044-0146
                                                  Tel.: (202) 616-4476
                                                  Email: ronalda.kosh@usdoj.gov

DATED: March 5, 2021